# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 28, 2024

**By CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *United States v. Omar Khan*,
       (S1) 20 Cr. 117 (PAE)

Dear Judge Engelmayer:

     I write regarding Omar Khan's detention and in advance of the bond review hearing scheduled for April 2, 2024, at 10:30 a.m.

     As the Court is aware, Mr. Khan intends to plead guilty today to a violation of 18 U.S.C. § 1028A pursuant to a written plea agreement and in satisfaction of the above-captioned indictment. Following the Court's acceptance of Mr. Khan's plea, I anticipate that the parties will request an expedited sentencing date (*i.e.*, a date within the next six weeks). Between today and the date that the Court sets for sentencing, the defense will move the Court to release Mr. Khan temporarily so that he may receive adequate medical attention and prepare his affairs in anticipation of the mandatory two-year term of imprisonment implicated by 18 U.S.C. § 1028A.

     Over the past several weeks, it has become apparent that Windsor Rehabilitation in Flushing, Queens, where Mr. Khan is presently detained, is not adequately addressing his medical needs. As discussed at his initial appearance before the Court, Mr. Khan has two fractures in his back, one in which he incurred while detained in a decrepit facility in Sri Lanka before he was deported. Prior to his deportation, Mr. Khan was not afforded any medical treatment for the fractures. At Windsor, Mr. Khan does not receive any real treatment for the fractures, either. Rather, he is handcuffed to a bed without any meaningful physical rehabilitation. And since his detention at Windsor, Mr. Khan developed a rash on the inside of his

thigh that developed into an infection requiring topical and oral antibiotic treatment. Mr. Khan's feet have swelled and are discolored, and he is experiencing worsening symptoms associated with neuropathy.

Against this backdrop, the defense respectfully submits that Mr. Khan's temporary release on strict conditions is necessary to afford him access to adequate medical care so that his fractures do not leave him permanently injured. This is also important so that the defense can obtain an accurate assessment of his prognosis to relay to the Court and BOP regarding an appropriate facility designation. Temporarily release pending sentencing is also necessary to afford Mr. Khan a meaningful opportunity to get his affairs in order before going to prison. This includes figuring out arrangements for Mr. Khan's mother, with whom he has been unable to speak since his initial appearance. She is 91 years old and presently living in Pakistan.

Fortunately, Mr. Khan's wife has recently obtained an apartment in Queens pursuant to a lease agreement. She has also obtained a job working for her landlords and is in a much better position to qualify as a financially responsible co-signer to a personal recognizance bond than she was at Mr. Khan's initial appearance. The defense has also identified other in-law co-signers who could provide the necessary assurances under the Bail Reform Act. Indeed, presently confined to a wheelchair with two fractures in his back and without a passport, Mr. Khan does not present a meaningful flight risk.

The defense stands ready to answer any questions that the Court has about this application following today's change-of-plea conference and/or at the scheduled bond review hearing on April 2, 2024.

Respectfully submitted,

Andrew John Dalack, Esq.
Hannah McCrea, Esq.

Counsel for Omar Khan

Cc:   AUSA Nicholas Chiuchiolo