**Timothy Cone, Esq.**
1615 New Hampshire Avenue, NW
4th floor (North)
Washington, DC  20009
(202) 862-4333
Email: timcone@comcast.net

May 14, 2024

Hon. Paul A. Engelmayer
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10008

Re:   Victim Impact Statement of Jean-Claude Bernard and Hotel Le Cep
        in United States v. Omar Khan, No. 20 Cr. 00117 (PAE)

Dear Judge Engelmayer,

I write to seek restitution on behalf of my clients Jean-Claude Bernard, and Hotel Le Cep, victims of Defendant Omar Khan's scheme in the above-captioned case.  Mr. Khan pled guilty to Count 2 of the Indictment.  Count 2 alleges that the Defendant committed identity fraud to promote the fraudulent scheme alleged in Count 1.  Accordingly, in this case, Mr. Bernard and Hotel Le Cep constitute victims for restitution purposes.  *See* 18 U.S.C. § 3663(a)(2) ("For the purposes of [restitution], the term 'victim' means . . . in the case of an offense that involves as an element a scheme, conspiracy or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.").

**Factual background.**

Jean-Claude Bernard is the owner of Hotel Le Cep, in Beaune, France.  Over time, he became friendly with a client of the hotel, Omar Khan.  In March 2018, Mr. Bernard and his wife joined Mr. Khan, at no cost, at a rare wine dinner Mr. Khan organized in London.  The evening was a success.  A short time later, Mr. Khan proposed to Mr. Bernard that the two of them partner in organizing similar dinners.  Mr. Khan proposed that Mr. Bernard provide funds for the acquisition of bottles of wine to be served at a dinner, and the profits of the dinner would be shared equally.  In the course of the year 2018, Mr. Bernard and Mr. Khan entered into five short written agreements regarding planned future dinners.  Each agreement provided that Mr. Bernard would finance all or part of the acquisition of rare wine bottles.  Mr. Khan would reimburse Mr. Bernard, and Mr. Bernard and Mr. Khan would share equally in the profits from the dinners.

In accord with these agreements, Mr. Bernard wired Mr. Khan a total of $472,500.  But Mr. Khan never intended to repay Mr. Bernard the $472,500, nor to share in the profits.  None of the $472,500 was repaid.  None of the promised profits of $50,300 were shared.  Mr. Bernard repeatedly requested payments of the above amounts.  To date, Mr. Khan has not paid him anything.  One of the dinners was to take place in Beaune, and to generate 17,340 euros for 20 room bookings at Hotel Le Cep.  Mr. Khan never intended to organize this Beaune dinner; it never happened; the promised room bookings did not

materialize.  Mr. Khan agreed that Mr. Bernard would attend several $12,000 dinners at no cost to him; these dinners never occurred.

**Civil lawsuit.**

In late 2018, Mr. Bernard retained me to pursue legal action against Omar Khan. I filed a complaint on his behalf in New York Supreme Court, seeking recovery for the above damages -- a total of $606,800.   Mr. Khan, represented by counsel, initially appeared in this lawsuit.  In September 2020, I filed a motion for summary judgment on the claims for breach of contract,  which noted, *inter alia*, that after Mr. Bernard filed suit, other individuals had filed suit against Mr. Khan in New York Supreme Court, stating similar allegations against Mr. Khan.  Soon thereafter, opposing counsel withdrew, stating that (a) Mr. Khan was no longer communicating with him, and (b) Mr. Khan had failed to pay his legal fees.  I thereafter moved for a default judgment, which the Supreme Court granted on January 26, 2021.  This judgment awarded Mr. Bernard and Hotel Le Cep the amount of $630,587.15 (an amount which included contractual damages of $530,850.00, plus costs, disbursements, and pre-judgment interest).

**Impact.**

Mr. Khan's conduct had a significant financial impact on Mr. Bernard.  Not including interest, litigation costs and legal fees, Mr. Bernard is out of pocket the amount of $530,850.00.

Mr. Bernard trusted Mr. Khan.  Mr. Khan abused this trust.  Before bringing suit, Mr. Bernard repeatedly reached out to Mr. Khan, seeking the agreed reimbursements and payments.  Mr. Khan did not respond.  After Mr. Bernard brought suit, Mr. Khan had an opportunity to make him whole.  Instead, he hired counsel to oppose the claims, and then, in 2020, vanished.  Mr. Bernard learned that Mr. Khan had fled to Sri Lanka, and, with a private investigator, looked into ways to recover his lost moneys.  These efforts did not result in any recovery.   Finally, though I fully realize that trauma does not count as a financial loss, I can personally attest to the scheme's psychological toll on Mr. Bernard.

Mr. Bernard respectfully requests that this Court order Mr. Khan to pay restitution to him and Hotel Le Cep, for the losses described above.  *See* 18 U.S.C. § 3664(f)(1)(A) (authorizing the court to order restitution "in the full amount of the victim's losses").

Yours truly,